39965. CITY PRODUCTS CORPORATION v. NAPIER and BYERS, Partnership.

DECIDED MAY 8, 1963.

*Troutman, Sams, Schroder & Lockerman, Henry B. Troutman, Jr.,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, James W. Dorsey, A. David Kahn,* contra.

CARLISLE, Presiding Judge. The defendant in error, a partnership, owns a shopping center located in Fulton County, Georgia. On the 15th day of August, 1959, the plaintiff in error entered into a written lease agreement with the defendant in error to occupy a certain store building within the shopping center. The term of the lease is for 12 years, beginning February 1, 1960, and ending January 31, 1972, and the rental

agreed to is $5,500 per annum, payable in equal monthly installments. The plaintiff in error entered upon the premises and operated a retail store on or about September 30, 1960, and continued operation of the store until May 20, 1961, at which time it ceased operation of the store. Plaintiff in error paid rent on the premises throughout the month of September, 1961, and has paid nothing since. Plaintiff in error subleased its space in February, 1962, for a period of two years eleven months, beginning March 1, 1962, with the right to extend the sublease for an additional period of seven years.

At the time the plaintiff in error ceased paying, demand was made on it by the defendant in error, but the plaintiff in error refused to pay rent, contending that the defendant in error failed to provide a certain type of rental store in the shopping center as was called for in the lease agreement. The lease stipulated that among other types of stores a "Ready-to-wear" store would be in the shopping center. Defendant in error contended that a ready-to-wear store operated in the shopping center and that the plaintiff in error had no right to stop paying the rent.

Upon the trial of the case before the court without the benefit of a jury, by agreement of counsel, the court held that plaintiff in error, once it elected to occupy and operate a store and to pay rent before a ready-to-wear store was to open in the shopping center, waived its right to cease paying rent. Following the judgment of the court, plaintiff in error filed its motion for a new trial and its amended motion for a new trial. The motion for a new trial was overruled and the bill of exceptions was filed to that ruling.

The plaintiff in error contends that it has complied with the terms of the contract between plaintiff in error and defendant in error as provided in the contract.

The parties stipulated as follows: "That the plaintiffs are the owners of a shopping center located at 2164 DeLowe Drive, East Point, Fulton County, Georgia. On the 15th day of August, 1959, the defendant entered into a lease agreement with plaintiff to occupy a certain store building within the shopping center. A copy of the lease agreement is attached hereto.

"2. The terms of the lease is 12 years, beginning February 1,

1960, and ending January 31, 1972, and the rental agreed to is $5,500 per annum, payable in equal monthly installments of $458.33.

"3. The defendant, by and through its licensee or franchise holder, on or about September 30, 1960, opened a retail store in the leased premises and continued the operation of said store until on or about May 20, 1961, at which time it ceased operation of said store.

"4. Defendants have paid the rent through the month of September, 1961, and have paid nothing since. The defendants subleased its space in February, 1962, to Garner & Witt, Inc. for a period of two years eleven months, beginning on the first day of March, 1962, and ending on the 31st day of January, 1965, with the option to extend the sublease for a period of seven years from January 31, 1965. The subtenant's rental payments are $6,000 per annum in equal monthly installments in advance, with an additional obligation to pay a percentage of its gross sales, if the gross sales exceeded $122,220. That was dated the . 25th day of July and signed by the parties." Both sides also offered testimony and evidence, and the evidence was in dispute as to whether or not a certain ready-to-wear store was open in said shopping district as provided for in the contract between the plaintiff in error and the defendant in error. After the close of the case, the judge rendered the following judgment: "The within and foregoing matter having come on regularly for hearing before me without the intervention of a jury, and after considering the evidence and the stipulations entered into by the parties, the court finds it unnecessary to determine whether or not the Jennings McConnell is or is not a ready-to-wear store. Article III of the lease provides that the tenant, the defendant herein, is not required to occupy or operate the store or to pay rent thereon until such time as the landlord has complied with the provisions of the lease with reference to the types of stores guaranteed to be leased by the plaintiff. An exception to this abatement of all rent is provided for where the defendant elects to operate prior to such completion and a substitute percentage rent is therein provided. The lease thereafter provided that at the expiration of twelve months, after the amount paid under

the substitute rent formula, does not amount to three-fourths of the minimum rent that all subsequent rent will abate.

"Under the undisputed evidence as contained in the stipulation the defendant licensee operated from September 30, 1960, until May 20, 1961, a period of less than twelve months. The defendant at that point elected to cease operation. There being no provisions in the lease authorizing such conduct, and the twelve months period not having been complete, the court is of the opinion that the rent does not abate.

"*Code* § 61-114 provides for interest on unpaid rent.

"Wherefore it is considered, ordered an adjudged that the plaintiff have and recover of the defendant the sum of $2,750.00 together with $117.54 interest, together with $———— dollars cost for use of officers of the court."

The plaintiff in error's amended motion for a new trial has been duly considered by the court, and we find that there is no merit in the grounds of the amended motion.

We hold that the judge was authorized under the stipulation of facts entered into between the parties and the evidence to render the judgment set out above.

*Judgment affirmed. Hall, J., concurs. Bell, J., concurs in the judgment.*